# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| ESTATE OF ALEXANDER RAMOS LEAL, By Its Administrator, CORAL GABLES TRUST COMPANY, GLADYS LEAL BAIGORRIA, Individually, ARMANDO RAMOS VALLE, Individually, and ESTATE OF KARELYS GARCIA, By Its Administrator, CORAL GABLES TRUST COMPANY, and ODALYS CORRALES, Individually,<br><br>    Plaintiffs,<br>vs.<br><br>THE HARBOR GROUP, INC., INTERSTATES CONSTRUCTION SERVICES, INC., and JOHN RICHARD KREYKES,<br><br>    Defendants. | No. C 14-4089-MWB<br><br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE IN SUPPORT OF WITHDRAWN MEDICAL EMERGENCY DEFENSE AND/OR FOR LEAVE TO DISCLOSE EXPERTS AND CONDUCT LIABILITY DISCOVERY** |

_____

  This case arises from an accident in which a truck belonging to the corporate defendants and driven by defendant Kreykes crossed the median on Interstate I-80 and struck the decedents' car head on, killing them both. It is before me on the plaintiffs' November 17, 2015, Motion In Limine To Preclude Defendants From Offering Evidence In Support Of Withdrawn Medical Emergency Defense And/Or For Leave To Disclose Experts And Conduct Liability Discovery (docket no. 54). In their motion, the plaintiffs assert that the defendants have withdrawn their only affirmative defense of a medical emergency and have admitted liability, but they have indicated that they still intend to

offer at trial Kreykes's medical records and other evidence that Kreykes had choked and passed out prior to the crash. The plaintiffs argue that, because this case involves deaths, not injuries, evidence of the manner in which the collision occurred, the force of the impact, and the driver's alleged choking are irrelevant and unfairly prejudicial. In their November 25, 2015, Resistance (docket no. 57), the defendants argue that the plaintiffs are attempting to exclude basic background and contextual evidence regarding the cause of the automobile crash, which should be admissible even in an "admitted liability" case, on issues of causation of injuries and the nature and extent of those injuries. They also assert that such evidence should be admissible to prevent jury speculation about the cause of the accident and to address the culpability of the defendants' actions, that is, whether their conduct was negligent or reckless, and the appropriateness of punitive damages, so that jury determinations are not made on an improper emotional basis.

Rule 401 of the Federal Rules of Evidence defines relevant evidence as evidence that "(a) . . . has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 402 provides that relevant evidence is generally admissible, but irrelevant evidence is not. Rule 403 provides for exclusion of even relevant evidence on various grounds, as follows:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FED. R. EVID. 403. The Eighth Circuit Court of Appeals "give[s] great deference to the district court's Rule 403 determinations." *United States v. Battle*, 774 F.3d 504, 514 (8th Cir. 2014); *United States v. Muhlenbruch*, 634 F.3d 987, 1001 (8th Cir. 2011) ("We review the district court's decision not to exclude evidence under Rule 403 for an abuse

of discretion."); *United States v. Myers*, 503 F.3d 676, 681 (8th Cir. 2007) ("Under Rule 403, district courts have broad discretion to assess unfair prejudice, and are reversed only for an abuse of discretion." (citing *United States v. Henderson*, 416 F.3d 686, 693 (8th Cir. 2005), *cert. denied*, 546 U.S. 1175 (2006))).

More specifically, as to Rule 403, the Eighth Circuit Court of Appeals has explained,

> [U]nder Rule 403, the [challenged evidence's] probative value must be *substantially* outweighed by *unfair* prejudice. "Evidence is not unfairly prejudicial because it tends to prove guilt, but because it tends to encourage the jury to find guilt from improper reasoning. Whether there was unfair prejudice depends on whether there was an undue tendency to suggest decision on an improper basis." *United States v. Farrington*, 499 F.3d 854, 859 (8th Cir. 2007) (quotations omitted).

*Muhlenbruch*, 634 F.3d at 1001 (emphasis in the original); *Myers*, 503 F.3d at 681 ("Rule 403 'does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis.'" (quoting *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30 (1983)). The Advisory Committee Notes to Rule 403 explain that a decision on an "improper basis" is "commonly, though not necessarily, an emotional one." FED. R. EVID. 403, Advisory Committee Notes; *see also United States v. Bell*, 761 F.3d 900, 912 (8th Cir. 2014) (same). Unfairly prejudicial evidence, inviting a decision on an improper basis, includes evidence that is "'so inflammatory on [its] face as to divert the jury's attention from the material issues in the trial.'" *United States v. Adams*, 401 F.3d 886, 900 (8th Cir. 2005) (quoting *United States v. Shoffner*, 71 F.3d 1429, 1433 (8th Cir. 1995)); *accord United States v. Young*, 753 F.3d 757, 768-69 (8th Cir. 2014) ("[T]he

3

district court violated Federal Rule of Evidence 403 because the testimony was so inflammatory that its resulting unfair prejudice outweighed its probative value.").

Here, I agree with the plaintiffs that evidence of Kreykes's medical records, other evidence that Kreykes had choked and passed out prior to the crash, and other background and contextual evidence regarding the cause of the crash are not probative of any issue for the jury to decide in this "admitted liability" case *involving deaths* and, hence, not admissible in this case. *See* FED. R. EVID. 401, 402. Causation of and the nature and extent of the injuries simply is not at issue, where the accident caused deaths; that fact distinguishes this case from ones cited by the defendants. Indeed, such evidence would likely confuse the jurors about the issues that they are to decide, because it seems to contradict the admissions of negligence and liability and brings in through the backdoor a previously-abandoned medical emergency defense, so that such evidence is properly excluded pursuant to Rule 403. I believe that the defendants' fears that excluding such evidence will prompt the jurors to speculate or to award higher damages based on an emotional basis, as demonstrating that the probative value of the evidence outweighs and, indeed, prevents prejudice, are unsupported and overblown. The appropriate solutions to these concerns are a properly formulated stipulation concerning the accident and properly formulated jury instructions about how the jurors are to determine damages. *Cf. Valadez v. Watkins Motor Lines, Inc.*, 758 F.3d 975, 982 (8th Cir. 2014) ("To the extent [the parties] were concerned about improper prejudice, a limiting instruction would have addressed those concerns." (citing FED. R. EVID. 105)).

THEREFORE, the plaintiffs' November 17, 2015, Motion In Limine To Preclude Defendants From Offering Evidence In Support Of Withdrawn Medical Emergency Defense And/Or For Leave To Disclose Experts And Conduct Liability Discovery (docket no. 54) is **granted**, as to exclusion of the evidence in question, but **denied** as to

the alternative request to make belated expert disclosures and to conduct liability discovery.

**IT IS SO ORDERED**.

**DATED** this 2nd day of December, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA